### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD C. KIBURZ, | : | |
|     Plaintiff | : | Civil Action No. 1:04-CV-2247 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| GORDON R. ENGLAND, Secretary, | : | |
| United States Department of the Navy, | : | |
|     Defendant | : | |

### MEMORANDUM

Before the Court is Plaintiff's motion for reconsideration, styled as "motion under rule 59(e) for reconsideration or, in the alternative, under rule 60(b)(1) and (6) for relief from final judgment." (Doc. No. 57.) Because the motion was filed within the ten day period following this Court's order granting summary judgment for Defendant (Doc. No. 56), the motion will be interpreted as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The motion has been fully briefed and is ripe for consideration.

**I.    BACKGROUND**

Plaintiff Howard Kiburz brought this action under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, alleging that his former employer, the United States Department of the Navy ("Navy"), discriminated against him on the basis of his disability—severe arthritis in the back and spine. Kiburz alleges that the Navy failed to provide him with three reasonable accommodations: a request to work a flexible schedule, a request to work from home, and a request for a special chair. The Navy argues that his first two requests were not reasonable because they would not enable Kiburz to fulfill the essential functions of his job as an Information Technology Specialist. The Navy argues that his third request was actually granted, but that, despite the Navy's best efforts to provide the requested accomodation, Kiburz could not

be satisfied. Kiburz also claims that the Navy's alleged failure to accommodate him constituted a constructive discharge.

On July 16, 2008, this Court granted Defendant's motion for summary judgment. (Doc. No. 55.) Plaintiff argues that reconsideration is proper because the Court granted summary judgment without considering all three accommodations requested by Plaintiff. Specifically, Plaintiff alleges that the Court failed to consider whether the flexible work schedule he requested as an accommodation would have enabled him to perform the essential functions of his job. For the reasons that follow, Plaintiff's motion for reconsideration will be denied.

## II.     STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a party's motion for reconsideration when there exists: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994). If there is no new evidence or no clear error of law, the motion must be denied. Clifford v. Jacobs, 739 F. Supp. 957, 958-59 (M.D. Pa. 1990). Mere disagreement with the court does not translate into a clear error of law. Petruzzi's, Inc. v. Darling-Delaware Co., 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." Id. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994).

be satisfied. Kiburz also claims that the Navy's alleged failure to accommodate him constituted a constructive discharge.

On July 16, 2008, this Court granted Defendant's motion for summary judgment. (Doc. No. 55.) Plaintiff argues that reconsideration is proper because the Court granted summary judgment without considering all three accommodations requested by Plaintiff. Specifically, Plaintiff alleges that the Court failed to consider whether the flexible work schedule he requested as an accommodation would have enabled him to perform the essential functions of his job. For the reasons that follow, Plaintiff's motion for reconsideration will be denied.

## II.     STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a party's motion for reconsideration when there exists: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994). If there is no new evidence or no clear error of law, the motion must be denied. Clifford v. Jacobs, 739 F. Supp. 957, 958-59 (M.D. Pa. 1990). Mere disagreement with the court does not translate into a clear error of law. Petruzzi's, Inc. v. Darling-Delaware Co., 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." Id. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994).

In the interest of finality, courts should grant motions for reconsideration sparingly. Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

### III. DISCUSSION

In this case, Plaintiff alleges two claims against his employer: 1) that he was improperly terminated in May of 2002, as a result of his disability and the failure of his employer to provide reasonable accommodations for same, and 2) that his voluntary retirement in July of 2003 constituted a constructive discharge due to the Navy's failure to accommodate him. Both parties agreed that Plaintiff qualifies as a disabled person, and that his termination in April of 2002 constituted an adverse employment action. (Doc. No. 40, at 9-10.) Thus, this case turns on whether Plaintiff is a "qualified individual": whether he is able to perform the essential functions of the job, with reasonable accommodation. Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006).

To support a finding that he was a "qualified individual," Plaintiff offered three possible accommodations which he maintained were reasonable. Plaintiff claimed that, if accepted, any of these accommodations would have allowed him to perform the essential elements of his job. Defendant contested Plaintiff's representation, and this Court agreed that the facts of record do not support a finding that the requested accommodation would have enabled Plaintiff to perform the essential functions of his job.

This Court thoroughly addressed how the accommodation of an orthopedic chair was reasonable, and was in fact granted by the Navy, but did not allow Plaintiff to perform the essential functions of his job because no chair was found that could sufficiently accommodate his disability. (Doc. No. 55, at 15-16.) The Court also addressed how a flexible work schedule

3

allowing Plaintiff to work from home was not supported by evidence so as to create a genuine issue of material fact as to its reasonableness in light of his employment position, but that even if reasonable, Plaintiff proffered no evidence to show that such a schedule would insure he could perform the necessary job functions relating to providing guidance, attending trainings, attending meetings, and receiving projects and having his workload assessed by supervisors. (Doc. No. 55, at 11-15.)

While not separately and specifically addressing Plaintiff's request to work a flexible schedule, the Court did consider the this requested accommodation in its analysis. The Court treated this accommodation as part of the work-from-home request, as was done by the ALJ in Plaintiff's appeal to the Merit System Protection Board ("MSPB"). Combining these requests as one accommodation is consistent with Plaintiff's position that his work-from-home request was not for every day, but only for those days in which his arthritic pain prevented him from coming to work. Plaintiff explicitly rejected of the Navy's offer to work with a flex-time schedule in reliance on his request to combine work-from-home with flex-time to accommodate his disability. (Doc. No. 45, at 9; Doc. No. 39 ¶¶ 131, 133.)  Thus the two accommodations, while articulated separately in Plaintiff's briefs, do not appear to have been individually required or even acceptable to Plaintiff.

Moreover, if the Court had separately conducted an analysis of a flexible schedule accommodation, the Court could not have concluded that record evidence existed to support Plaintiff's claim. The same factors precluding a finding of the reasonableness of a work-from-home accommodation and the ability of a work-from-home employee in Plaintiff's position to

perform the essential elements of his employment preclude a finding that a flexible work schedule accommodation would be reasonable.

Additionally, Plaintiff has failed to meet his burden to show that he could perform the essential functions of the job with the flex-time accommodation. The record reflects that with Plaintiff's proposed flex-time schedule, he would be in the office as few as three and one-half hours a day overlapping with his usual work schedule and, if given the weekend option, in the office as few as three days out of a normal work week. As with the work-from-home accommodation, Plaintiff does not address how he would fulfill the duties of training, scheduling, and guidance that the Navy expected him to fulfill as part of his job. With regard to those essential functions, Plaintiff presents inadequate support to raise a question of material fact that he could perform those duties if he were to work an irregular flex-time schedule.

## IV.   CONCLUSION

Accordingly, Plaintiff's motion for reconsideration will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HOWARD C. KIBURZ,** | : | |
|     **Plaintiff** | : | Civil Action No. 1:04-CV-2247 |
| | : | |
| **v.** | : | (Chief Judge Kane) |
| | : | |
| **GORDON R. ENGLAND, Secretary,** | : | |
| **United States Department of the Navy,** | : | |
|     **Defendant** | : | |

## ORDER

**AND NOW**, on this 20th day of March, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 57) is **DENIED**.

                                                    S/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania