IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD C. KIBURZ, | : | |
|     Plaintiff | : | Civil Action No. 1:04-CV-2247 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| GORDON R. ENGLAND, SECRETARY, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| THE NAVY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff's motion for sanctions and for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff previously filed a Rehabilitation Act suit against Defendant. This Court granted summary judgment for Defendant in that action, and the United States Court of Appeals for the Third Circuit affirmed. Plaintiff now argues that Defendant committed fraud by failing to disclose the existence of Public Law 106-346 Section 359 and four Department of Defense policies during the discovery phase of his Rehabilitation Act claim. Plaintiff's motion has been fully briefed and is ripe for consideration. For the following reasons, the Court will deny Plaintiff's motion.

### I. BACKGROUND

Following his initial discharge and subsequent voluntary retirement from the Navy, Plaintiff Howard Kiburz filed a complaint under the Rehabilitation Act against the United States Navy on October 13, 2004, alleging discrimination and constructive discharge. (Doc. No. 1.) After discovery, the Navy successfully moved for summary judgment, which was granted on July 16, 2008. Kiburz v. England, No. 1:04-cv-02247 (M.D. Pa. July 16, 2008). Plaintiff moved to amend judgment under Rule 59(e), which was denied on March 20, 2009. Kiburz v. England,

1

No. 1:04-cv-02247 (M.D. Pa. March 20, 2009). The United States Court of Appeals for the Third Circuit affirmed the order granting summary judgment on January 1, 2010. Kiburz v. England, 361 F.App'x. 326 (3d Cir. 2010). Plaintiff now moves for relief under Rule 60(b)(3) and requests sanctions under Rule 37. (Doc. No. 72.)

During discovery, Plaintiff requested that Defendant produce "all policies, regulations, and agreements that were in effect between May 3, 2002[,] and July 1, 2003[,] that pertain to allowing employees of the Defendant to work at home as a medical accommodation." (Doc. No. 72 ¶ 38.) In response Defendant attached five regulations: Human Resources Instruction 12339.3A; Navy Fleet Material Support Office Instruction 12630.1; FMSO Internal Instruction 5330.2E; Mechanicsburg Manpower Management Instruction 12300.3A; and Human Resources Instruction 12530.18. (Doc. No. 78-1 at 56.) Plaintiff contends that Defendant's failure to attach Public Law 106-346 Section 359,[1] DOD Telework Policy and Telework Guide issued on October 22, 2001,[2] DOD Directive No. 1035.1,[3] and NAVSUP Instruction 12620.2,[4] constitutes fraud. (Doc. No. 72 ¶ 40.)

---

[1] Public Law 106-346 Section 359 states in relevant part: "Each executive agency shall establish a policy under which eligible employees of the agency may participate in telecommuting to the maximum extent possible without diminished employee performance." 106 Pub. L. No. 346.

[2] The DOD Telework Policy and Telework Guide states that applicants for Telework "shall not be excluded on the basis of occupation, series, grade, or supervisory status." (Doc. No. 74, Ex. C.)

[3] The Directive requires Department of Defense Components to develop and implement telework programs and "make every effort to overcome artificial barriers." (Doc. No. 74, Ex. D.)

[4] NAVSUP Instruction 12620.2 "provides common, overarching policy direction governing NAVSUP activities' development of local programs for Telework . . . ." (Doc. No. 74, Ex. E.)

## II. DISCUSSION

Fed. R. Civ. P. 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, relief may only be granted if it is sought within a reasonable time, which for claims brought under Rule 60(b)(3), cannot exceed one year from the date of the entry of judgment. Fed. R. Civ. P. 60(c)(1). If the Court has the power to grant relief pursuant to a Rule 60(b) motion, the determination whether to grant or deny relief will lie in the Court's sound discretion. Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 256 (3d Cir. 1986). Because the parties did not raise the timeliness issue in their briefs, the Court will consider the motion on the merits.[5] For the reasons that follow, the Court will deny Plaintiff's motion.

---

[5] The Court notes that Plaintiff likely violated Rule 60(c)(1)'s one year limitations period. Even if Plaintiff had not, the Court would have found Plaintiff failed to file in a reasonable time. Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987); see also Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 n.7 (10th Cir. 2005) (noting "the reasonable-time requirement applies to all Rule 60(b) motions, even if the motion implicates and satisfies the one-year limit as well"); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2866 (West 1995). Plaintiff initially informed the Court that he had not "discovered" Public Law 106-346 until weeks before filing his brief. (Doc. No. 72 ¶ 57; Doc. No. 73 at 3-4.) However, in response to Defendant's brief in opposition, Plaintiff concedes that he was in fact aware of Public Law 106-346 in December 2007. (Doc. No. 80 at 23.) That is, he was actually aware of the law eight months before this Court entered summary judgment, two years before the Court of Appeals denied his appeal, and nearly two and a half years before this motion was filed. In light of Plaintiff's extreme delay in filing his motion, his inconsistent explanations for said delay in filing, and the fact that Plaintiff contends Defendant concealed a public law, the Court could not have found Plaintiff's delay reasonable. However, in light of the United States Supreme Court's decision in Bowles, wherein the Court held that time limits not based on statute are claim processing rules, rather than jurisdictional rules, this Court will not consider the issue sua sponte. See Bowles v. Russell, 551 U.S. 205 (2007); see also Willis v. Jones, 329 F. App'x. 7, 14 (6th Cir. 2009) (holding the Rule 60(b) time limit is an affirmative defense, not a jurisdictional bar).

3

Plaintiff brings his Rule 60(b) motion pursuant to Rule 60(b)(3), alleging fraud. "To prevail, the Plaintiff must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Further, the Courts of Appeals have held that for purposes of Rule 60(b)(3), the moving party bears the burden of establishing fraud by "clear and convincing evidence."[6] Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978).

Initially, Plaintiff is unable to establish that the alleged failure to disclose the existence of Public Law 106-346 Section 359 and the corresponding Department of Defense policies "prevented the moving party from fully and fairly presenting his case." See Stridiron, 698 F.2d at 207. Plaintiff argues that Public Law 106-346 Section 359 and the cited Department of Defense policies would have shed light on whether Defendant was permitted to deny his "work from home" request because of Plaintiff's status as a "team leader." (See, e.g., Doc. No. 73 at 2-4.) However, Plaintiff's team leader status was largely irrelevant to the failure of his Rehabilitation Act claim. In granting summary judgment, this Court largely ignored the

---

[6] The Court recognizes that the Third Circuit has not clearly articulated the moving party's burden of proof in Rule 60(b)(3) cases. This is of little consequence in the present case because, as will be made clear infra, Plaintiff is unable to establish the existence of fraud by any standard. However, in light of the overwhelming support for a "clear and convincing" standard in the federal courts, this Court is persuaded that the "clear and convincing" standard would apply here. See, e.g., Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1477 (D.C. Cir. 1995); Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 372-363 (8th Cir. l994); Anderson v. Cryovac, Inc., 862 F.2d 910, 926 (1st Cir. 1988); Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987); Simons v. Gorsuch, 715 F.2d 1248, 1253 (7th Cir. 1983); Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir. 1982); Wilkin v. Sunbeam Corp., 466 F.2d 714, 717 (10th Cir. 1972) (requiring evidence be "clearly substantiated by adequate proof"); Golzalez & Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir. 1966); see also Wright & Miller, Federal Practice and Procedure, § 2860.

"semantic dispute about whether Kiburz was a 'team leader,'" and instead granted summary judgment because Plaintiff "failed to meet his burden to show that he could perform the essential functions of the job with the accommodation." Kiburz v. England, No. 1:04-cv-02247, slip op. at 13 (M.D. Pa. July 16, 2008).  Likewise, the Third Circuit affirmed this Court's decision because of Plaintiff's inability to perform the essential functions of his job and because his proposed accommodations were not reasonable.  Kiburz v. England, 361 F. App'x. at 332.  In sum, his cause of action failed, not because he was a team leader, but because he could not perform his job.  Plaintiff fails to make any showing that the existence of Public Law 106-346 Section 359 or the Department of Defense policies would have created an issue of material fact regarding whether he could perform the essential functions of his job.  Because the issue of what job types were eligible for work at home opportunities was largely dismissed by this Court as tangential to the dispute, there is no reason to believe he did not have the opportunity to "fully and fairly" litigate the issue that was truly in dispute, namely, whether he could perform the essential functions of the job.

More fundamentally, however, the Court observes that there is no reason to believe Defendant committed fraud by failing to disclose the existence of Public Law 106-346 Section 359 or the policies cited by Plaintiff.  Plaintiff's discovery request asked Defendant to produce "all policies, regulations, and agreements that were in effect between May 3, 2002[,] and July 1, 2003[,] that pertain to allowing employees of the Defendant to work at home as a medical accommodation."  (Doc. No. 72 ¶ 38.)  In response Defendant attached five regulations: Human Resources Instruction 12339.3A; Navy Fleet Material Support Office Instruction 12630.1; FMSO Internal Instruction 5330.2E; Mechanicsburg Manpower Management Instruction

5

12300.3A; and Human Resources Instruction 12530.18. (Doc. No. 78-1 at 56.) As Defendant explained, and as Plaintiff concedes, Public Law 106-346 Section 359 and the Department of Defense NAVSUP telework policies were not attached because by law they were not in effect until Defendant had completed its local bargaining obligations, which it had not done in the period requested. (Doc. No. 78 at 9-10; Doc. No. 80 at 17.) As such, they were not responsive to Plaintiff's initial request for policies in effect at Plaintiff's workplace between May 3, 2002, and July 1, 2003.

## IV.    CONCLUSION

Plaintiff fails to provide any reason to grant his motion for relief under Rule 60(b). There is no indication that Defendant committed fraud, and the record certainly does not support a finding of fraud that is clear and convincing. Moreover, even if Defendant were able to make a showing of fraudulent nondisclosure, the requested disclosures were not relevant to the issue of whether Plaintiff was able to perform the essential functions of his position. Because there is no reason to believe Defendant acted fraudulently, Plaintiff's motion under Rule 60(b) and request for sanctions under Rule 37 are denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD C. KIBURZ, | : | |
|     Plaintiff | : | Civil Action No. 1:04-CV-2247 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| GORDON R. ENGLAND, SECRETARY, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| THE NAVY, | : | |
|     Defendant | : | |

## Order

**AND NOW**, this 2nd day of November 2010, for the reasons set forth in the memorandum accompanying this order, **IT IS HEREBY ORDERED** that Plaintiff's motion for relief under Rule 60(b)(3) and request for sanctions under Rule 37 is **DENIED**.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania